IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL OKO, | ) | |
| | ) | Case No. 1:04-CV-02284 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ann Aldrich |
| | ) | |
| EDWARD F. LOHN, et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| | ) | |

Plaintiff, Michael Oko filed a Motion for Reconsideration of Court's Opinion and Plaintiff's First Amended Complaint [Docket No. 9] on March 30, 2005. For the following reasons, the Motion is denied.

Mr. Oko filed this *in forma pauperis* action on November 11, 2004 asserting that Cleveland police officers used excessive force to secure his arrest and denied him appropriate medical treatment. He named as defendants the officers involved in his arrest, as well as the City of Cleveland and the Cleveland police chief. He claimed the City of Cleveland was included in the lawsuit because it "is responsible for public safety, management of municipal policies and provides funding for its police department." (Compl. at 3.) Edward Lohn was named as a defendant because he "is ultimately responsible for the operation, training, and supervision of personnel and staff in this lawsuit." (Compl. at 3.) Thereafter, the Court issued its Memorandum of Opinion and Order ruling that *respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1983 and dismissing the City of Cleveland and Police Chief, Edward Lohn as defendants.

Mr. Oko has now filed a Motion for Reconsideration of that holding. Specifically,

Mr. Oko admits that his claims against the two defendants were based on a theory of *respondeat superior*, but asserts that the Court erred in dismissing these claims on their merits without permitting him the opportunity to amend his complaint.  Although he states he is filing an amended complaint to alter his claims against the City of Cleveland and Edward Lohn and to add a new defendant, no such document was attached to the Motion or filed separately.  He asks this court to reconsider its dismissal of these two defendants and reinstate them to this action.

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment.  *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).  As such, plaintiff was required to file his motion within 10 days from the date of judgment he seeks to alter.  FED. R. CIV. P. 59(e).  The Memorandum of Opinion and Order for which Mr. Oko seeks reconsideration was issued on February 23, 2005.  He filed his Motion on March 30, 2005, beyond the 10 day deadline from this court's judgment.  Inasmuch as this court lacks jurisdiction to enlarge the time for filing a Rule 59(e) motion, see FED.R.CIV.P. 6(b); *Denley v. Shearson American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1984), plaintiff's motion to alter or amend is dismissed as untimely.

Where a party's Rule 59 motion is not filed within the mandatory ten day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.  *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 268 (6th Cir. 1998); *see, e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).  The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion.  A timely Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States."  FED.R.CIV.P.

59(a). A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED.R.CIV.P. 60(b). Because the motion does not invoke any of the first five grounds for relief enumerated in the rule, plaintiff's request may be construed under subsection (b)(6), "any other reason justifying relief" from judgment. This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). There is nothing contained in the Motion for Reconsideration which suggests that Mr. Oko is entitled to relief from judgment under this provision.

Mr. Oko acknowledges that he did not state a claim against the City of Cleveland or Cleveland Police Chief Edward Lohn, but contends the court erred by dismissing these defendants without permitting him the opportunity to amend his complaint. District courts may not permit a plaintiff to amend a complaint to avoid dismissal pursuant to the screening provisions of 28 U.S.C. § 1915(e). *See Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Moreover, Mr. Oko has presented no allegations to suggest that he would have a viable claim against these defendants if they were reinstated to this action. He has not filed an amended complaint and has given no indication of its proposed content.

There is no suggestion that Mr. Oko is entitled to relief from judgment under Rule 60(b).

For the foregoing reasons, the Court denies Mr. Oko's Motion for Reconsideration of Court's Opinion.

IT IS SO ORDERED.

    s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: October 31, 2005**